**Cynthia COLLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–97–00103–CR.**

Court of Appeals of Texas, Texarkana.

Submitted April 28, 1998.

Decided April 29, 1998.

---

John D. Nation, Dallas, for appellant.

Jennifer McComic, Assistant District Attorney, Linden, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

On October 29, 1996, an undercover officer with the Deep East Texas Narcotics Task Force and two confidential informants went to Cynthia Collins's residence to purchase cocaine. When they arrived, Collins's roommate told them that Collins had gone to town to get cocaine and had not yet returned. When Collins arrived, she stated that she did not have any cocaine but could get some. She then proceeded to page a source and arrange for her roommate to meet the source and get the cocaine. When the roommate returned, the undercover officer saw Collins cut up the rock cocaine. Then Collins told the undercover officer to pick out the rocks she wanted, which the officer did, and then the officer paid Collins's roommate $100.00.

A jury convicted Collins of delivery of a controlled substance weighing between one and four grams including adulterants and dilutants.[1] Punishment, enhanced by a prior conviction, was set at thirty-two years' confinement and a $10,000.00 fine.

On appeal, Collins argues that the evidence is legally insufficient to prove the required quantity of cocaine. She also argues that the trial court erred in allowing an officer to give hearsay testimony about what she (Collins) said during the encounter.

---

1. Collins was charged under the Texas Health and Safety Code, which states "An offense under Subsection (a) is a felony of the second degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams." TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (Vernon Supp. 1998). If Collins had been found guilty under Section 481.112(b), which is the minimum charge, the State would not be required to prove the *Cawthon* requirements because the amount of the cocaine would not have increased punishment. *See Cawthon v. State*, 849 S.W.2d 346 (Tex.Crim.App.1992); *Murray v. State*, 864 S.W.2d 111, 117–18 (Tex.App.—Texarkana 1993, pet. ref'd).

Collins first argues that the State failed to adequately prove the required quantity of cocaine. The standard for reviewing the legal sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Royal v. State*, 944 S.W.2d 33, 35 (Tex.App.—Texarkana 1997, pet. ref'd); *Gaffney v. State*, 937 S.W.2d 540, 541 (Tex.App.—Texarkana 1996, pet. ref'd).

Whether the evidence satisfies the legal sufficiency test is a question of law. *Id.* A determination that the evidence is legally insufficient means that the case should never have been submitted to the jury. *Id.* If the evidence is found legally insufficient, the cause must be reversed and an acquittal ordered.

■ The State must prove that a controlled substance, plus adulterants and dilutants proved to exist within it, weighs at least as much as the minimum weight alleged in the indictment. *Reeves v. State*, 806 S.W.2d 540, 542 (Tex.Crim.App.1990). When the State attempts to increase punishment by using the adulterants and dilutants as part of the weight of the controlled substance, there are further requirements that must be met. The Texas Court of Criminal Appeals has stated:

> [W]hen adulterants and dilutants constitute a part of the weight utilized to increase punishment, the State must prove the following beyond a reasonable doubt: (1) the identity of the named illegal substance, (2) that the added remainder (adulterants and/or dilutants) has not affected the chemical activity of the named illegal substance, (3) that the remainder (adulterants and/or dilutants) was added to the named illegal substance with the intent to increase the bulk or quantity of the final product, (4) the weight of the illegal substance, including any adulterants and/or dilutants.

*Thorpe v. State*, 863 S.W.2d 739, 741 (Tex. Crim.App.1993) (quoting *Cawthon v. State*,

849 S.W.2d 346, 348–49 (Tex.Crim.App. 1992)).

One Court of Appeals has held that the State no longer is required to prove that the added adulterants or dilutants had not affected the chemical activity of the controlled substance. *Williams v. State*, 936 S.W.2d 399, 405–06 (Tex.App.—Fort Worth 1996, pet. ref'd). The court based its holding on the fact that an amendment to the Texas Health and Safety Code now defines "adulterant or dilutant" as "any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." TEX. HEALTH & SAFETY CODE ANN. § 481.002(49) (Vernon Supp.1998).

Collins argues that the State failed to prove that the adulterants and dilutants were added to the cocaine with the intent to increase the bulk or quantity of the final product.

The State provided the following testimony concerning the cocaine. A chemist testified that the substance he observed was 1.25 grams of a material that contains cocaine. He also testified that the substance had a net weight of 1.25 grams and contained cocaine. Finally, the chemist testified that the substance is cocaine with adulterants and dilutants. The chemist did not testify, nor did anyone else, that the adulterants or dilutants were added to the cocaine with the intent to increase the bulk or quantity of the illegal substance.

■ The State argues that it did not need to separately show that the adulterants and dilutants increased the bulk of the substance because, by definition, that is the purpose of adulterants and dilutants. Adulterants and dilutants are defined as compounds, substances, or solutions added to the chemical substance with the intent to increase the bulk or quantity of the final product. *Reeves v. State*, 806 S.W.2d at 542; *McGlothlin v. State*, 749 S.W.2d 856, 858–59 (Tex.Crim.App. 1988). The State argues that since the chemist stated that the controlled substance constituted both cocaine and adulterants and dilutants, that sufficiently proved that the adulterants and dilutants were added with the intent to increase the bulk and quantity

of the cocaine. We agree. This argument is very logical and is consistent with the holding in the *Williams* case. Because the Health and Safety Code now defines adulterants and dilutants as substances "that increase the bulk or quantity of a controlled substance," testimony that the substances are adulterants and dilutants constitutes proof that they were added to increase bulk and quantity of the cocaine. The *Cawthon* case is inapplicable because it was decided in 1992, before the amendment became effective on September 1, 1994. The same is true of *Thorpe v. State*, 863 S.W.2d 739 (Tex.Crim.App.1993).

█ Collins also contends that the court improperly allowed a backup officer to testify to what he heard her (Collins) say during the transaction. Collins argues that, because the officer was not in her presence, but heard her statements through a body microphone on another officer, this made the testimony multiple hearsay. We disagree. The statements the officer heard Collins make were admissions of a party. Admissions of a party are not hearsay. Tex.R.Crim. Evid. 801(e)(2) (Vernon 1997).

For the reasons stated, the judgment is affirmed.