Mitchell HINES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09–97–137 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Oct. 1, 1998.

Decided Oct. 14, 1998.

James A. DeLee, Port Arthur, for appellant.

Tom Maness, Criminal Dist. Atty., Wayln Thompson, Asst. Criminal Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

OPINION

WALKER, Justice.

A jury convicted Mitchell Hines of possession of a controlled substance, cocaine, in an amount more than 1 gram but less than 4 grams. The jury assessed punishment at thirty years of imprisonment in the Texas Department of Criminal Justice, Institutional Division. The two points of error raised on appeal raise the following issues:

Whether the evidence is sufficient to sustain Appellant's conviction for possession of a controlled substance because the State failed to prove that the adulterants and/or dilutants were added with the intent to increase quantity.

Whether the evidence is sufficient to sustain Appellant's conviction for possession of a controlled substance because the State failed to prove that the actual weight was greater than 1 gram.

Hines contends the State failed to prove he possessed cocaine weighing more than one gram because the State failed to prove the adulterants and dilutants were added with the intent to increase the bulk or quantity of the final product. Hines relies upon two cases, *Cawthon v. State,* 849 S.W.2d 346 (Tex.Crim.App.1992), and a case decided under *Cawthon, Wall v. State,* 878 S.W.2d 686 (Tex.App.—Corpus Christi 1994, pet. ref'd).

■ The State must prove that a controlled substance, plus adulterants and dilutants proved to exist within it, weighs at least as much as the minimum weight alleged in the indictment. *Reeves v. State,* 806 S.W.2d 540, 542 (Tex.Crim.App.1990). *Cawthon* held that when adulterants and dilutants constitute a part of the weight utilized to increase punishment, the State must prove beyond a reasonable doubt: (1) the identity of the named illegal substance, (2) that the added remainder (adulterants and/or dilutants) has not affected the chemical activity of the

named illegal substance, (3) that the remainder (adulterants and/or dilutants) was added to the named illegal substance with the intent to increase the bulk or quantity of the final product, (4) the weight of the illegal substance, including any adulterants and/or dilutants. *Cawthon v. State*, 849 S.W.2d at 348–49.

Our Legislature amended the Health and Safety Code in response to *Cawthon* and its progeny. "Adulterant or dilutant" means "any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." TEX. HEALTH & SAFETY CODE ANN. § 481.002 (Vernon Supp.1998). The amendment, effective September 1, 1994, applies to this case because the offense occurred August 13, 1995.

The State no longer is required to prove that the added adulterants or dilutants did not affect the chemical activity of the controlled substance. *Williams v. State*, 936 S.W.2d 399, 405–06 (Tex.App.—Fort Worth 1996, pet. ref'd). "Because the Health and Safety Code now defines adulterants and dilutants as substances 'that increase the bulk or quantity of a controlled substance,' testimony that the substances are adulterants and dilutants constitutes proof that they were added to increase bulk and quantity of the cocaine." *Collins v. State*, 969 S.W.2d 114, 117 (Tex.App.—Texarkana 1998, pet. ref'd). Health & Safety Code Section 481.002(49) omitted any requirement of intent to increase the bulk or quantity of the final product and negated the requirement that the added remainder (adulterants and/or dilutants) has not affected the chemical activity of the named illegal substance, thus eliminating the requirements that the State prove (1) intent to increase the bulk or quantity, and (2) the adulterants or dilutants have not affected the chemical activity of the named substance. *Warren v. State*, 971 S.W.2d 656, 660 (Tex.App.—Dallas 1998, no pet.).

■ Lori Bates, the director of the Jefferson County Regional Crime Laboratory, testified the weight of the substance, including adulterants and dilutants, was 1.61 grams. Since Bates testified the controlled substance constituted both cocaine and adulterants and dilutants, the State sufficiently proved that the adulterants and dilutants increased the bulk and quantity of the cocaine to a weight greater than one gram. Although the substance was contained within a plastic baggie both before and after testing, Bates testified she removed the substance from the baggie, tested and weighed it, then placed the substance back in a baggie.

Bates's testimony, when viewed in the light most favorable to the verdict, is sufficient for us to conclude that a rational trier of fact could have found beyond a reasonable doubt Hines possessed a controlled substance, cocaine, in an amount of one gram or more but less than four grams. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 156–57 (Tex.Crim.App.1991). Viewed impartially, all of the evidence at trial, including Bates's testimony regarding the presence of impurities in the cocaine and her method of ascertaining the weight of the controlled substance, supports the verdict. We hold the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis v. State*, 922 S.W.2d 126, 135 (Tex.Crim.App.1996).

We overrule points of error one and two. The judgment and sentence of the trial court are affirmed.

AFFIRMED.