**Luis ISASSI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–00–00453–CR.**

Court of Appeals of Texas,
El Paso.

Jan. 10, 2002.

Discretionary Review Refused
May 29, 2002.

---

Eduardo N. Lerma, El Paso, for Appellant.

Jaime E. Esparaza, District Attorney, Tom A. Darnold, Assistant District Attorney, El Paso, for Appellee.

Before Panel No. 2: BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from a conviction for the offense of possession of cocaine. The court assessed punishment at three (3) years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

On March 18, 1999, Officer Carlos Contreras of the El Paso Police Department and his partner stopped Appellant for a defective brake light. When Officer Contreras reached the driver's side window, he noticed "a clear plastic baggie" with a "white hard powdery substance" sitting on the center console in plain view. Believing the substance to be cocaine, Officer Contreras asked the Appellant to step out of the vehicle, and he then retrieved the baggie. The substance field tested positive for cocaine, and the officers placed the Appellant under arrest. After searching the Appellant incident to his arrest, as well as his car, the officers found more cocaine.

At trial, William Todson, a criminalist with the Texas Department of Public Safety, testified that he conducted several tests on the substances. The substances once

again tested positive for cocaine. The total weight of the substances equaled 9.99 grams.

After the State rested, Appellant moved for a directed verdict. He argued that the State failed to carry its burden of proving the allegations in the indictment because: (1) the State produced no evidence of any adulterants and dilutants; and (2) the State failed to show that the controlled substance plus any adulterant and dilutant weighed more than four grams. The trial court denied the motion for directed verdict.

## II. *DISCUSSION*

■ In his sole point of error, Appellant asserts that the trial court erred in not granting his motion for judgment of acquittal because there was no evidence, either factual or legal, of the existence of any adulterants or dilutants. We have previously noted the well-settled law that a challenge on appeal to the denial of a motion for directed verdict is a challenge to the *legal* sufficiency, not the factual sufficiency of the evidence. *See Noyola v. State,* 25 S.W.3d 18, 19 (Tex.App.-El Paso 1999, no pet.); *see also Williams v. State,* 937 S.W.2d 479, 482 (Tex.Crim.App.1996); *Madden v. State,* 799 S.W.2d 683, 686 (Tex.Crim.App.1990). Thus, in reviewing the legal sufficiency of the evidence supporting a criminal conviction, we are constrained to view the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could find the essential elements of the offense as alleged beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 159 (Tex.Crim.App.1991).

■ Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable doubt. *Stoker v. State,* 788 S.W.2d 1, 6 (Tex.Crim.App.1989), *cert. denied,* 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); *Dwyer v. State,* 836 S.W.2d 700, 702 (Tex.App.-El Paso 1992, pet. ref'd). We do not resolve any conflict in fact, weigh any evidence or evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury trial are given great deference. *Menchaca v. State,* 901 S.W.2d 640, 651 (Tex.App.-El Paso 1995, pet. ref'd); *Adelman v. State,* 828 S.W.2d 418, 421 (Tex.Crim.App.1992); *Matson v. State,* 819 S.W.2d 839, 843 (Tex.Crim.App.1991); *Leyva v. State,* 840 S.W.2d 757, 759 (Tex.App.-El Paso 1992, pet. ref'd); *Bennett v. State,* 831 S.W.2d 20, 22 (Tex.App.-El Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the verdict. *Adelman,* 828 S.W.2d at 421–22. In so doing, we resolve any inconsistencies in the evidence in favor of the verdict. *Matson,* 819 S.W.2d at 843 (quoting *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988)).

■ Appellant contends that because the State did not present evidence regarding the identity or the amount of the adulterants and dilutants, the trial court erred when it denied Appellant's motion for a directed verdict or acquittal. We disagree.

A person commits an offense if the person intentionally or knowingly possesses a controlled substance listed in Penalty Group 1. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon Supp.2002). Cocaine is listed in Penalty Group 1. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon Supp.2002). The offense is a second-degree felony if the aggregate weight of the controlled substance, including adulterants or dilutants, is four grams or more but less than 200

grams. *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon Supp.2002).

 According to Appellant, the State was required to specifically identify the adulterants and dilutants. Additionally, Appellant asserts that the State was required to prove the total weight of the adulterants and dilutants. Appellant relies on cases that have been superceded by statute.[1] Because of changes in statutory definitions in 1994, Appellant's assertion no longer has merit. Particularly, "adulterant or dilutant" is now defined to mean "any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." *See* Tex. Health & Safety Code Ann. § 481.002(49) (Vernon Supp.2002). Thus, contrary to Appellant's assertion, the State is not required to determine the amount of controlled substance and the amount of adulterant and dilutant that constitute the mixture. *See Williams v. State*, 936 S.W.2d 399, 405 (Tex.App.-Fort Worth 1996, pet. ref'd); Tex. Health & Safety Code Ann. § 481.115 (Vernon Supp.2002). The State only has to prove that the aggregate weight of the controlled substance mixture, including adulterants and dilutants, equals the minimum weight alleged in the charged offense. *See Hines v. State*, 976 S.W.2d 912, 913 (Tex.App.-Beaumont 1998, no pet.); Tex. Health & Safety Code Ann. § 481.115(d) (Vernon Supp.2002). Because the evidence shows that the State proved exactly what was alleged in the indictment, that the Appellant possessed 9.99 grams of cocaine including adulterants or dilutants, the evidence was legally sufficient to support Appellant's conviction for possessing more than four but less than 200 grams of cocaine.

Having overruled Appellant's sole point of error, we affirm the judgment of the trial court.

---

1. *See Reeves v. State*, 806 S.W.2d 540 (Tex. Crim.App.1990); *Cawthon v. State*, 849 S.W.2d 346 (Tex.Crim.App.1992). These two cases and their progeny held that when adulterants and dilutants constitute a part of the weight utilized to increase punishment, the State must prove the following beyond a reasonable doubt: (1) the identity of the named illegal substance; (2) that the added remainder (adulterants and/or dilutants) has not affected the chemical activity of the named illegal substance; (3) that the remainder (adulterants and/or dilutants) was added to the named illegal substance with the intent to increase the bulk or quantity of the final product; and (4) the weight of the illegal substance, including any adulterants and/or dilutants. *Cawthon*, 849 S.W.2d at 348–49; *Reeves*, 806 S.W.2d at 542.