In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00132-CR


______________________________




QUINTON LYNELL DOMINO, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 248th Judicial District Court


Harris County, Texas


Trial Court No. 897859




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Quinton Lynell Domino was convicted in the 248th Judicial District Court of Harris County
of the offense of theft. Pursuant to a plea agreement, which was followed by the court, Domino pled
guilty to a third-degree felony and pled true to numerous enhancements. Domino was sentenced to
twenty-five years' imprisonment, as provided by the plea agreement. He was represented by
appointed counsel. 

 Domino filed a notice of appeal pro se, which contains boilerplate language designed to fall
under the language of Tex. R. App. P. 25.2(b)(3). The notice states that the trial court granted
permission to appeal, that the appeal is for a jurisdictional defect, and that the substance of the appeal
was raised and ruled on before trial. 

 This language does not accurately reflect the record in any respect. There is nothing in this
record to show the trial court granted permission to appeal, and the judgment itself contains a
stamped notation that reads, "Appeal waived, No permission to appeal granted." This notation is
explicitly supported by the plea agreement itself, in which Domino agreed that, if the plea agreement
was kept, he waived his right of appeal. The plea agreement was kept.

 Even if he had not signed such a waiver, the record affirmatively shows he was convicted of
a crime which he admitted was committed in Harris County and over which a district court has
jurisdiction. Further, the record contains no pretrial motion from which Domino could appeal. 

 The notice of appeal is obviously a one-size-fits-all notice that was filed without any thought
for its accuracy or correctness, and which this record affirmatively shows to be untrue in every
respect. 

 A criminal defendant may waive many rights, including the right to appeal a conviction. 
Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000). That waiver is binding on the
defendant and prevents him from appealing any issue in the case without the consent of the trial
court. Id. Domino agreed, with the concurrence of counsel, to plead guilty and to waive his right
to appeal. We will hold him to his agreement. See id. 

 The appeal is dismissed.

 

 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 12, 2002

Date Decided: November 13, 2002


Do Not Publish



an amount by aggregate weight, including any adulterants
or dilutants, of four grams or more but less than two hundred grams." Cuddy contended the State 
not only was required to prove the bag contained methamphetamine, but also had the burden of
proving the existence of any adulterants or dilutants, added to increase the bulk or quantity of the
final product, and their weight. Because no evidence was produced with regard to adulterants or
dilutants, Cuddy argued the State failed to show that the methamphetamine, plus any adulterants or
dilutants, weighed more than four grams. Based on that reasoning, Cuddy argued he could only be
charged with possession with the intent to deliver less than one gram of methamphetamine, which
is a state jail felony, as opposed to the second-degree felony charged in the indictment. The trial
court denied Cuddy's motion, and he brings this appeal. 

 In his first point of error, Cuddy contends the trial court erred by not granting his motion for
acquittal. A no-evidence motion for acquittal is reviewed in the same manner as a legal sufficiency
challenge. Isassi v. State, 91 S.W.3d 807, 809 (Tex. App.-El Paso 2002, pet. ref'd). The standard
for reviewing a legal sufficiency challenge is whether, after reviewing the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Royal v. State, 944 S.W.2d 33, 35 (Tex. App.-Texarkana 1997, pet.
ref'd); Gaffney v. State, 937 S.W.2d 540, 541 (Tex. App.-Texarkana 1996, pet. ref'd). Whether the
evidence satisfies the legal sufficiency test is a question of law. Collins v. State, 969 S.W.2d 114,
116 (Tex. App.-Texarkana 1998, pet. ref'd). A determination that the evidence is legally insufficient
means (1) the case should never have been submitted to the jury, and (2) the cause must be reversed
and an acquittal ordered. Id. 

 In support of his contention, Cuddy relies on Cawthon v. State, 849 S.W.2d 346 (Tex. Crim.
App. 1992). In Cawthon, the court held that, when adulterants and dilutants constitute part of the
weight utilized to increase the amount of the controlled substance, thereby increasing the possible
length of punishment, the State must have proved the following beyond a reasonable doubt: (1) the
identity of the controlled substance; (2) that the remaining adulterants or dilutants have not affected
the chemical activity of the controlled substance; (3) that the adulterants or dilutants were added to
the controlled substance with the intent to increase the bulk or quantity of the final product; and (4)
the weight of the illegal substance, including any adulterants or dilutants. Id. at 348-49; see Reeves
v. State, 806 S.W.2d 540 (Tex. Crim. App. 1990). Cawthon, however, has been superseded by
statute and subsequent caselaw. Under the Texas Health and Safety Code, adulterants or dilutants
are now defined as "any material that increases the bulk or quantity of a controlled substance,
regardless of its effect on the chemical activity of the controlled substance." Tex. Health & Safety
Code Ann. § 481.002(49) (Vernon Supp. 2003); see Isassi, 91 S.W.3d at 810. The State is no
longer required to determine the existence or the amount of any adulterants or dilutants that may
have been added to the controlled substance. Rather, the State need only prove that the controlled
substance, including any adulterants or dilutants, equals the minimum weight set forth in the
indictment. Isassi, 91 S.W.3d at 810. 

 In the present case, the State presented evidence the methamphetamine weighed 27.95 grams,
which is obviously more than the minimum weight alleged in the indictment, and Cuddy stipulated
to that evidence. Therefore, by reviewing the record in a light most favorable to the verdict, the
evidence was legally sufficient to support the conviction, and Cuddy's point of error is overruled. 

 In his next point of error, Cuddy complains the following statements constituted improper
commentary on Cuddy's decision not to testify: 

 Let me ask you something. You're riding with somebody. A bunch of police
surround you, get you out, put you on the ground, find dope on your passenger, and
you didn't know anything about it, what are you going to be saying? What's going on?
"I didn't know nothing about it." (2) 

The State may not allude to or comment on a defendant's failure to testify. Tex. Const. art. I, § 10;
Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 1979). The rule has been violated if the
prosecutor's language was manifestly intended, or was of such a nature, that the jury naturally took
it to be a comment on the defendant's failure to testify. Roberts v. State, 923 S.W.2d 141, 145 (Tex.
App.-Texarkana 1996, pet. ref'd). The reviewing court must view the challenged comment from the
jury's standpoint, and the language must be more than an implied or indirect allusion to the
defendant's silence. Id. 

 Reviewing the closing argument from the jury's standpoint, it is clear the prosecutor's
comments were directed toward Cuddy's silence at the time of his arrest, rather than his failure to
testify at the time of trial. See Short v. State, 671 S.W.2d 888, 890 (Tex. Crim. App. 1984);
Greenwood v. State, 740 S.W.2d 857, 860 (Tex. App.-Dallas 1987, no pet.). While the right to
remain silent after arrest and the right not to self-incriminate at trial are derived from the same
constitutional provisions, the protections apply in different contexts, and an objection to one does
not preserve error on appeal for the other. Short, 671 S.W.2d at 890; Greenwood, 740 S.W.2d at
860. Because the prosecutor commented on Cuddy's silence after arrest, not his failure to testify, the
trial court properly overruled the objection. 

 In his next point of error, Cuddy contends the trial court erred by admitting pen packets into
evidence during the punishment phase because they were not properly authenticated. During the
punishment phase of a criminal trial, the State or the defendant may present evidence the court
deems relevant to sentencing, including the prior criminal record of a defendant. Tex. Code Crim.
Proc. Ann. art. 37.07 (Vernon 1981 & Supp. 2003). The Texas Court of Criminal Appeals has
established that pen packets are admissible to show a defendant's prior criminal record provided they
are properly authenticated as set forth in Texas Rule of Evidence 902. Reed v. State, 811 S.W.2d
582, 586 (Tex. Crim. App. 1991); see Tex. R. Evid. 902. Certification by the record clerk of the
Texas Department of Criminal Justice, Institutional Division (TDCJID) constitutes proper
authentication of the copies of the judgment and sentence found in a pen packet. Reed, 811 S.W.2d
at 586; Jones v. State, 810 S.W.2d 824, 828 (Tex. App.-Houston [14th Dist.] 1991, no pet.). 

 In the present case, Cuddy contends the pen packets were not properly authenticated because
the record clerk of the TDCJID failed to properly affix the required seal to the packets. See Tex.
Code Crim. Proc. Ann. art. 37.07. However, after reviewing the pen packets, it is clear the record
clerk of the TDCJID both signed the pen packets and properly affixed the required seal, though the
seal is very faint. See Tex. R. Evid. 902(1), (2). Therefore, the pen packets were properly
authenticated, and the trial court did not err by admitting them into evidence. See Reed, 811 S.W.2d
at 586; Jones, 810 S.W.2d at 828.





 For the reasons stated, we affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 6, 2003

Date Decided: April 18, 2003


Publish

1. The police were able to show that the cellular telephone used to call the informant was the
same one found in Cuddy's vehicle. 
2. Cuddy objected to the State's argument as a comment on his failure to testify. See Tex. R.
App. P. 33.1.