In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00152-CR


______________________________




STEVEN RAY CUDDY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 20022




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 After a jury trial, Steven Ray Cuddy was convicted of possession of a controlled substance
with intent to deliver and was sentenced to twenty-five years' confinement in the Texas Department
of Criminal Justice, Institutional Division. On appeal, Cuddy brings the following points of error: 
(1) the evidence was legally insufficient to support his conviction; (2) during closing argument, the
State improperly commented on Cuddy's failure to testify; and (3) the trial court erred by admitting
penitentiary packets (pen packets) during the punishment phase because they did not comply with
Texas Rule of Evidence 902(4). 

 Through the use of an informant, the police arranged a drug transaction with Cuddy. On
January 25, 2001, the informant placed a series of calls, dialing the same number each time, for the
purpose of buying methamphetamine from Cuddy. Officer Dave Thompson, who listened in on the
cellular telephone calls, testified that the person to whom these calls were made never identified
himself, but that it was a male voice on the other end of the conversation. The transaction was to
occur in a gasoline station parking lot in Trenton, Texas. Shortly after midnight, a vehicle matching
the description given by the informant pulled into the designated parking lot. The informant then
received a cellular telephone call from a male stating he was in the parking lot and waiting on the
informant. The police began to close in on the suspect's vehicle. On seeing the police vehicles, the
suspect attempted to flee the parking lot, but the police surrounded the suspect and made the arrest. 
The driver of the suspect's vehicle was identified as Cuddy, and the passenger was identified as
Shannon Lindahl, Cuddy's girlfriend. The vehicle was registered in Cuddy's name, and the police
found in Cuddy's vehicle the cellular telephone that had been used to call the informant minutes
before the arrest. (1) The police also seized, from the female passenger, a bag filled with a white
substance, later identified as methamphetamine. 

 At trial, the State introduced the bag into evidence as State's exhibit two, and the parties
stipulated the bag contained methamphetamine weighing 27.95 grams. After the State rested, Cuddy
brought a motion for acquittal, arguing the State failed to prove the allegations set forth in the
indictment. The indictment charged Cuddy with "possession with the intent to deliver a controlled
substance, to-wit: methamphetamine, in an amount by aggregate weight, including any adulterants
or dilutants, of four grams or more but less than two hundred grams." Cuddy contended the State 
not only was required to prove the bag contained methamphetamine, but also had the burden of
proving the existence of any adulterants or dilutants, added to increase the bulk or quantity of the
final product, and their weight. Because no evidence was produced with regard to adulterants or
dilutants, Cuddy argued the State failed to show that the methamphetamine, plus any adulterants or
dilutants, weighed more than four grams. Based on that reasoning, Cuddy argued he could only be
charged with possession with the intent to deliver less than one gram of methamphetamine, which
is a state jail felony, as opposed to the second-degree felony charged in the indictment. The trial
court denied Cuddy's motion, and he brings this appeal. 

 In his first point of error, Cuddy contends the trial court erred by not granting his motion for
acquittal. A no-evidence motion for acquittal is reviewed in the same manner as a legal sufficiency
challenge. Isassi v. State, 91 S.W.3d 807, 809 (Tex. App.-El Paso 2002, pet. ref'd). The standard
for reviewing a legal sufficiency challenge is whether, after reviewing the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Royal v. State, 944 S.W.2d 33, 35 (Tex. App.-Texarkana 1997, pet.
ref'd); Gaffney v. State, 937 S.W.2d 540, 541 (Tex. App.-Texarkana 1996, pet. ref'd). Whether the
evidence satisfies the legal sufficiency test is a question of law. Collins v. State, 969 S.W.2d 114,
116 (Tex. App.-Texarkana 1998, pet. ref'd). A determination that the evidence is legally insufficient
means (1) the case should never have been submitted to the jury, and (2) the cause must be reversed
and an acquittal ordered. Id. 

 In support of his contention, Cuddy relies on Cawthon v. State, 849 S.W.2d 346 (Tex. Crim.
App. 1992). In Cawthon, the court held that, when adulterants and dilutants constitute part of the
weight utilized to increase the amount of the controlled substance, thereby increasing the possible
length of punishment, the State must have proved the following beyond a reasonable doubt: (1) the
identity of the controlled substance; (2) that the remaining adulterants or dilutants have not affected
the chemical activity of the controlled substance; (3) that the adulterants or dilutants were added to
the controlled substance with the intent to increase the bulk or quantity of the final product; and (4)
the weight of the illegal substance, including any adulterants or dilutants. Id. at 348-49; see Reeves
v. State, 806 S.W.2d 540 (Tex. Crim. App. 1990). Cawthon, however, has been superseded by
statute and subsequent caselaw. Under the Texas Health and Safety Code, adulterants or dilutants
are now defined as "any material that increases the bulk or quantity of a controlled substance,
regardless of its effect on the chemical activity of the controlled substance." Tex. Health & Safety
Code Ann. § 481.002(49) (Vernon Supp. 2003); see Isassi, 91 S.W.3d at 810. The State is no
longer required to determine the existence or the amount of any adulterants or dilutants that may
have been added to the controlled substance. Rather, the State need only prove that the controlled
substance, including any adulterants or dilutants, equals the minimum weight set forth in the
indictment. Isassi, 91 S.W.3d at 810. 

 In the present case, the State presented evidence the methamphetamine weighed 27.95 grams,
which is obviously more than the minimum weight alleged in the indictment, and Cuddy stipulated
to that evidence. Therefore, by reviewing the record in a light most favorable to the verdict, the
evidence was legally sufficient to support the conviction, and Cuddy's point of error is overruled. 

 In his next point of error, Cuddy complains the following statements constituted improper
commentary on Cuddy's decision not to testify: 

 Let me ask you something. You're riding with somebody. A bunch of police
surround you, get you out, put you on the ground, find dope on your passenger, and
you didn't know anything about it, what are you going to be saying? What's going on?
"I didn't know nothing about it." (2) 

The State may not allude to or comment on a defendant's failure to testify. Tex. Const. art. I, § 10;
Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 1979). The rule has been violated if the
prosecutor's language was manifestly intended, or was of such a nature, that the jury naturally took
it to be a comment on the defendant's failure to testify. Roberts v. State, 923 S.W.2d 141, 145 (Tex.
App.-Texarkana 1996, pet. ref'd). The reviewing court must view the challenged comment from the
jury's standpoint, and the language must be more than an implied or indirect allusion to the
defendant's silence. Id. 

 Reviewing the closing argument from the jury's standpoint, it is clear the prosecutor's
comments were directed toward Cuddy's silence at the time of his arrest, rather than his failure to
testify at the time of trial. See Short v. State, 671 S.W.2d 888, 890 (Tex. Crim. App. 1984);
Greenwood v. State, 740 S.W.2d 857, 860 (Tex. App.-Dallas 1987, no pet.). While the right to
remain silent after arrest and the right not to self-incriminate at trial are derived from the same
constitutional provisions, the protections apply in different contexts, and an objection to one does
not preserve error on appeal for the other. Short, 671 S.W.2d at 890; Greenwood, 740 S.W.2d at
860. Because the prosecutor commented on Cuddy's silence after arrest, not his failure to testify, the
trial court properly overruled the objection. 

 In his next point of error, Cuddy contends the trial court erred by admitting pen packets into
evidence during the punishment phase because they were not properly authenticated. During the
punishment phase of a criminal trial, the State or the defendant may present evidence the court
deems relevant to sentencing, including the prior criminal record of a defendant. Tex. Code Crim.
Proc. Ann. art. 37.07 (Vernon 1981 & Supp. 2003). The Texas Court of Criminal Appeals has
established that pen packets are admissible to show a defendant's prior criminal record provided they
are properly authenticated as set forth in Texas Rule of Evidence 902. Reed v. State, 811 S.W.2d
582, 586 (Tex. Crim. App. 1991); see Tex. R. Evid. 902. Certification by the record clerk of the
Texas Department of Criminal Justice, Institutional Division (TDCJID) constitutes proper
authentication of the copies of the judgment and sentence found in a pen packet. Reed, 811 S.W.2d
at 586; Jones v. State, 810 S.W.2d 824, 828 (Tex. App.-Houston [14th Dist.] 1991, no pet.). 

 In the present case, Cuddy contends the pen packets were not properly authenticated because
the record clerk of the TDCJID failed to properly affix the required seal to the packets. See Tex.
Code Crim. Proc. Ann. art. 37.07. However, after reviewing the pen packets, it is clear the record
clerk of the TDCJID both signed the pen packets and properly affixed the required seal, though the
seal is very faint. See Tex. R. Evid. 902(1), (2). Therefore, the pen packets were properly
authenticated, and the trial court did not err by admitting them into evidence. See Reed, 811 S.W.2d
at 586; Jones, 810 S.W.2d at 828.





 For the reasons stated, we affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 6, 2003

Date Decided: April 18, 2003


Publish

1. The police were able to show that the cellular telephone used to call the informant was the
same one found in Cuddy's vehicle. 
2. Cuddy objected to the State's argument as a comment on his failure to testify. See Tex. R.
App. P. 33.1. 


rtion of
Wadley's motion is supported by some deposition testimony, but attaching evidence to a combined
motion does not invalidate the no-evidence portion of the motion or require that it be disregarded. 
Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004).
            Because the O'Donalds did not timely respond to Wadley's no-evidence summary judgment
motion or timely point the trial court to any summary judgment evidence raising an issue of fact on
the challenged elements, the trial court properly rendered summary judgment in favor of Wadley.
            For the reasons stated, we affirm the judgment.



                                                                        William J. Cornelius
                                                                        Justice*


*Chief Justice, Retired, Sitting by Assignment

 
Date Submitted:          June 15, 2005
Date Decided:             September 28, 2005