COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ROLAND CARRANZA,                                      )

                                                                              )               No.  08-02-00169-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
292nd District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0125196-HV)

                                                                              )

 

 

O
P I N I O N

 

This is an appeal
of a jury conviction for possession of cocaine, more than four grams and less
than 200 grams, enhanced.  The Appellant
was sentenced by the trial court to 45 years=
imprisonment.  

The first two
issues are that the evidence is legally and factually insufficient, and the
third issue is that the trial court erred in failing to instruct the jury on a
lesser included offense of possession of cocaine of less than one gram. 








The only fact
germane to our review is the testimony of Heather Lynch, a criminalist
with the Texas Department of Public Safety, who tested the cocaine found on the
Appellant.  She testified that the net
weight of the cocaine was seven grams and her report, which stated the same,
was also introduced into evidence without an objection.  The Appellant=s
legal and factual sufficiency argument is based on her response to a question
that there was less then a gram of cocaine in the sample that was tested.

To determine legal
sufficiency, we view the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  See Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573
(1979); Garrett v. State, 851 S.W.2d 853, 857 (Tex.Crim.App.
1993).  On appeal, this Court does not
reevaluate the weight and credibility of the evidence,
rather we consider only whether the jury reached a rational decision.  See Muniz v. State, 851
S.W.2d 238, 246 (Tex.Crim.App. 1993). 

To determine
factual sufficiency, we view the evidence in a neutral light and set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App.
2000).  We must review the evidence
weighed by the jury tending to prove the existence of the elemental fact in
dispute, and compare it to the evidence tending to disprove that fact.  Id. 
The appellate court may find either that the State=s proof of guilt was so obviously weak
as to undermine confidence in the jury=s
determination, or that the finding of guilt was against the great weight and
preponderance of the evidence.  Id. at 11.








We agree with the
State that the Appellant=s
argument is based upon a statement taken out of context.  The chemist=s
response that the testing Asample@ taken from the seized bag of cocaine
could have contained less than one gram of pure cocaine was not applicable to
the entire exhibit.  She testified that
the cocaine seized weighed seven grams and that was the amount stated in the
report admitted into evidence.  Moreover,
the State only has to prove that the aggregate weight of the controlled
substance mixture, including adulterants and dilutants,
equals the minimum weight alleged in the charge offense.  See Isassi
v. State, 91 S.W.3d 807, 810 (Tex.App.--El Paso
2002, pet.ref=d).  Issues One and Two are overruled. 

Issue Three is
wholly constructed on the same foundation as Issues One and Two, and since
there is no foundation, it must likewise fail. 


A charge on a
lesser‑included offense must be given if: 
(1) the lesser‑included offense is included within the proof
necessary to establish the charged offense; and (2) there is some evidence in
the record that would permit a jury rationally to find that if the defendant is
guilty, he is guilty only of the lesser offense.  Rousseau v. State, 855 S.W.2d 666, 672‑73 (Tex.Crim.App.
1993); see also, Tex.Code Crim.Proc.Ann. art. 37.09 (Vernon 1981). 

The State agrees
that if there was some evidence that the amount of cocaine here was less than
four grams, then the first prong would be met. 
However, there is no evidence in the record before us that the Appellant
possessed less than four grams of cocaine. 
Issue Three is overruled.  

We affirm the
trial court=s
judgment.

 

 

July
17, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)