In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00208-CR


______________________________




RITA ANN EHRHARDT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 488M-T




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 At trial, the evidence conflicted on whether Rita Ann Ehrhardt was guilty of misdemeanor
assault of Nicole Marie Russell. (1) On appeal, Ehrhardt challenges the legal and factual sufficiency
of the evidence and contends the State did not present sufficient evidence to disprove her claim of
self-defense. We affirm.

 When reviewing legal sufficiency, we examine the evidence in the light most favorable to
the verdict and affirm if a rational trier of fact could have found the essential elements of the offense
beyond  a  reasonable  doubt.   Jackson  v.  Virginia,  443  U.S.  307  (1979);  Simmons  v.  State,
No. 1840-02, 2003 Tex. Crim. App. LEXIS 161, at *4-5 (July 2, 2003). Whether the evidence
satisfies the legal sufficiency test is a question of law. Collins v. State, 969 S.W.2d 114, 116 (Tex.
App.-Texarkana 1998, pet. ref'd). If we find the evidence legally insufficient, we must reverse the
conviction and order an acquittal. Id. In conducting our review, we must also remember that the
fact-finder is the exclusive arbiter of witness credibility and the weight to be given any or all of the
witness testimony. Jackson v. State, 3 S.W.3d 58, 60 (Tex. App.-Dallas 1999, no pet.). 

 A person commits the offense of assault if he or she "intentionally, knowingly, or recklessly
causes bodily injury to another." Tex. Pen. Code Ann. § 22.02(a)(1) (Vernon 2003). "A person acts
intentionally with respect to the nature of his conduct or to a result of his conduct, when it is his
conscious objective or desire to engage in the conduct or cause the result." Tex. Pen. Code Ann.
§ 6.03(a) (Vernon 2003). A person acts knowingly with respect to his or her conduct or to the
circumstances surrounding the conduct, when he or she is aware of the nature of the conduct or the
circumstances  surrounding  the  conduct  or  that  the  circumstances  exist. Tex.  Pen.  Code  Ann.
§ 6.03(b) (Vernon 2003). A person is reckless with respect to his or her conduct when he or she is
aware of, but consciously disregards, a substantial and unjustifiable risk that the circumstances exist
or the result will occur. Tex. Pen. Code Ann. § 6.03(c) (Vernon 2003).

 Texas law recognizes the doctrine of self-defense, (2) which excuses from criminal sanction the
defendant's use of force against an attacker when certain circumstances are proven at trial. To
prevail on a claim of self-defense, a defendant must admit some affirmative physical conduct toward
the other party-usually admitting the charged offense-and then offer self-defense as a justification. 
Anderson v. State, 11 S.W.3d 369, 372 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd) (cited
favorably in Wallace v. State, 75 S.W.3d 576, 586 (Tex. App.-Texarkana 2002), aff'd, No. 937-02,
2003 WL 21184324 (Tex. Crim. App. May 21, 2003)); see Willis v. State, 790 S.W.2d 307, 314-15
(Tex. Crim. App. 1990); Withers v. State, 994 S.W.2d 742, 745-46 (Tex. App.-Corpus Christi 1999,
pet. ref'd); Holloman v. State, 948 S.W.2d 349, 352 (Tex. App.-Amarillo 1997, no pet.). In the case
before us, Ehrhardt denied striking Russell. Ehrhardt has not directed our attention to any location
in the record where she admitted or offered evidence that she struck Russell or took any action
against her. Nor have we found any such indication in the record. To the contrary, Ehrhardt and her
daughter, Cynthia, both testified that Cynthia, not Ehrhardt, hit Russell. Such evidence is not an
admission of affirmative conduct as would be required before the trial court could properly consider
a claim of self-defense. Accordingly, the evidence presented did not support a claim of self-defense
in this case.

 Viewing the evidence in the light most favorable to the judgment, we find the evidence is
legally sufficient. Russell testified she was struck in the face by Ehrhardt. Russell also stated she
was not fighting with Ehrhardt "in any way" before being struck by Ehrhardt. The trial court saw
photographs of Russell's face that were taken shortly after the incident at issue. This evidence,
viewed in the light most favorable to the verdict, is legally sufficient to show Ehrhardt struck
Russell's face and, in so doing, was at least reckless as to whether her conduct would result in bodily
injury to Russell. We overrule Ehrhardt's first point of error.

 In determining the more rigorous standard of factual sufficiency, we examine the evidence
in a neutral light and set aside the judgment only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). We review the evidence weighed by the fact-finder that tends to prove the existence
of the elemental fact in dispute and compare it with the evidence that tends to disprove that fact. 
Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). "In conducting its factual sufficiency
review, an appellate court reviews the factfinder's weighing of the evidence and is authorized to
disagree with the factfinder's determination." Clewis, 922 S.W.2d at 133. Our review, however,
must employ appropriate deference to prevent us from substituting our judgment for that of the
fact-finder, and our evaluation should not substantially intrude on the fact-finder's role as the sole
judge of the weight and credibility given to witness testimony. Jones, 944 S.W.2d at 648.

 In the case now before us, Russell testified she sustained an unjustified blow to her face from
Ehrhardt. Ehrhardt and her daughter both claimed Ehrhardt did not hit Russell. Thus, the trial court
had to determine which version of events it believed to be more credible and consistent with other
evidence before it. Given the amount of deference we must accord to the fact-finder's resolution of
conflicting testimony, especially when such decisions inherently incorporate first-hand observations
of witness demeanor, we cannot say the evidence supporting the trial court's judgment is greatly
outweighed by contrary evidence. Accordingly, we must find the evidence factually sufficient.

 For the reasons stated, we affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 25, 2003

Date Decided: August 26, 2003


Do Not Publish


1. Ehrhardt was charged by information with intentionally, knowingly, or recklessly causing
bodily injury to Russell by hitting her about the head and face. See Tex. Pen. Code Ann. § 22.01
(Vernon 2003) (assault). The charged offense was a class A misdemeanor. See Tex. Pen. Code
Ann. § 22.01(b). Ehrhardt waived a jury trial and submitted the matter to the trial court. The trial
court found Ehrhardt guilty as charged and assessed punishment at one year's confinement in the
Wood County jail, probated for a period of two years. 
2. "[A] person is justified in using force against another when and to the degree he reasonably
believes the force is immediately necessary to protect himself against the other's use or attempted
use of unlawful force." Tex. Pen. Code Ann. § 9.31(a) (Vernon 2003). "The use of force against
another is not justified . . . if the actor provoked the other's use or attempted use of unlawful force"
unless the actor abandoned the encounter and the other continued or attempted to use unlawful force
against the actor. Tex. Pen. Code Ann. § 9.31(b) (Vernon 2003). A defendant has the burden to
produce evidence of self-defense. Clifton v. State, 21 S.W.3d 906, 907 (Tex. App.-Fort Worth 2000,
pet. ref'd). 

 Once a defendant brings forth evidence to support a theory of self-defense, the State bears
the burden of persuasion to disprove this defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim.
App. 2003). The State may satisfy this burden of persuasion by meeting its simultaneous burden of
proving its case-in-chief beyond a reasonable doubt. Saxton v. State, 804 S.W.2d 910, 913 (Tex.
Crim. App. 1991); Boget v. State, 40 S.W.3d 624, 626 (Tex. App.-San Antonio 2001), aff'd, 74
S.W.3d 23 (Tex. Crim. App. 2002). This is because "[t]he burden of persuasion is not one that
requires the production of evidence, rather it requires only that the State prove its case beyond a
reasonable doubt." Zuliani, 97 S.W.3d at 594 (citing Saxton, 804 S.W.2d at 913). When the fact-
finder finds the defendant guilty, there is an implied finding against the defensive theory. Id.