**Opinion issued December 17, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-14-01010-CR**

————————————

**MARCUS D. JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1420051**

**O P I N I O N**

A jury convicted appellant, Marcus D. Jackson, of the third-degree felony offense of possession of between one and four grams of phencyclidine, or PCP. After finding the allegations in two enhancement paragraphs true, the trial court

assessed his punishment at thirty-five years' confinement.[1]  In one issue, appellant contends that the State failed to present sufficient evidence that he possessed more than one gram of PCP.

We affirm.

## Background

On March 4, 2014, Houston Police Department ("HPD") Officers J. Sneed and D. Morelli were working an extra security job at an apartment complex in southeast Houston.  Officer Sneed had been working as a security officer at this apartment complex for approximately five or six years, which he stated is "known as the PCP capital of Houston."  He testified that he has "frequently" made narcotics arrests at this apartment complex, and when he makes such an arrest, the individuals are "typically" in possession of PCP.

On the day of the offense, Officer Sneed parked his personal vehicle in a parking lot at the complex, and the officers watched for suspicious activity. Appellant entered the complex through a pedestrian gate and started walking down a sidewalk and looking down the breezeways between each building, as if "he was looking for someone."  Officer Sneed testified that because he had worked at the

---

[1]     *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(8) (Vernon 2010) (classifying phencyclidine as controlled substance in penalty group one); *id.* § 481.115(a), (c) (Vernon 2010) (providing that possession of between one and four grams of substance in penalty group one is third-degree felony).

2

complex for several years, he was "fairly familiar" with the residents, but he had never seen appellant before, which drew his attention. Appellant stopped at the end of the parking lot and waited for four or five minutes before another man approached him. Appellant and the other man started talking and walked out of sight into one of the breezeways. Officer Sneed suspected that appellant was engaged in a narcotics transaction, so he began driving toward where appellant had been standing. While Officer Sneed moved his car, appellant walked out of the breezeway and started quickly walking back toward the pedestrian gate.

Officer Sneed parked his car, and both officers began walking toward appellant. Officer Sneed testified that he could smell the odor of PCP when he got within ten feet of appellant. Officer Sneed testified that the most common way people at this apartment complex use PCP is to fill little bottles with liquid PCP and then dip cigarettes in the PCP to smoke. Cigarettes dipped in PCP—or "PCP sticks," as Officer Sneed referred to them—have a "real strong" and "pungent" odor, almost like nail polish remover. Officer Sneed could smell the odor of PCP before he began to speak with appellant.

Officer Sneed asked appellant if he lived at the apartment complex, and appellant responded that he did not. Officer Sneed looked down and saw appellant holding something in his right hand. He asked appellant "if he was holding a PCP stick." Appellant said "yes," and he opened up his hand to show Officer Sneed a

3

cigarette that had been dipped in PCP. Officer Morelli handcuffed appellant, and at that point, Morelli discovered that appellant "had another PCP stick" in his left hand as well. Appellant admitted, "I've had rough times at the house. I was just trying to smoke them away."

In court, Officer Sneed identified State's Exhibit 2 as "the PCP cigarettes, two of them." Officer Sneed agreed that the cigarettes appeared to be "in the same or substantially the same condition as when [he] found them," although he noted that the forensics lab had pulled them apart for testing. Officer Sneed stated, "I can still smell them even though it's in three bags."

Officer Morelli testified that he bagged and submitted the narcotics evidence for storage and testing. He characterized the narcotics evidence in this case as "PCP cigarettes," which he placed in a plastic bag and then sealed inside of an envelope. Officer Morelli testified that State's Exhibit 2 was "the same narcotics that [he] found on the defendant," which he identified as "two cigarettes." Officer Morelli stated that both cigarettes were the same brand, and he also agreed that the cigarettes appeared "to be in the same or in substantially the same condition as when [he] found them." Officer Morelli stated on cross-examination that appellant had one PCP cigarette in his right hand and one in his left hand at the time the officers encountered him.

Mariam Kane, a chemist with the City of Houston Forensic Science Center, conducted the lab analysis on the PCP cigarettes recovered from appellant on April 11, 2014, five weeks after appellant's arrest. Kane testified that the two cigarettes weighed 1.93 grams. Kane also tested the cigarettes and concluded that the cigarettes contained PCP. Kane testified that she has dealt with cigarettes that have been dipped in PCP before, and she noted that both cigarettes were "discolored." She testified that when a cigarette tests positive for PCP, she weighs the entire cigarette because most of the time when a cigarette is dipped in PCP "the whole cigarette contain[s] PCP," including the filter of the cigarette. Kane also testified that "adulterants and dilutants" are "any substance that is added to a controlled substance to increase the weight or the quantity of the controlled substance regardless of the effect on the activity of the controlled substance."

Kane agreed with appellant, who represented himself pro se at trial, that a cigarette absorbs whatever liquid it touches. Appellant and Kane had the following exchange:

| [Appellant]: | PCP, it sucks in, it's a fluid, it sucks in, it takes up everything, filters everything, whatever it touches, it's pretty much what? |
| [Kane]: | Contaminated, yes. |
| [Appellant]: | Everything is pretty much contaminated? |
| [Kane]: | Yes. |

5

| [Appellant]: | By whatever it touches? So it is safe to say that when it touched this bag [in which Officer Morelli placed the two cigarettes], this bag became contaminated? |
|---|---|
| [Kane]: | It's possible, but I have to test inside the bag to tell you for sure. |

Kane testified that she received an envelope "containing a Ziploc containing two discolored manufactured cigarettes." Kane also testified that the two discolored cigarettes were in the same bag when she received them for testing, but she then separated them and placed them in separate bags after conducting the tests. Appellant again asked whether anything the PCP touches becomes contaminated, and Kane responded, "It's possible it caused contamination, yeah, if it touch[ed] the cigarette that contains PCP, yeah."

The jury found appellant guilty of the offense of possession of between one and four grams of PCP. The trial court, after finding the allegations in two enhancement paragraphs true, assessed his punishment at thirty-five years' confinement. This appeal followed.

**Sufficiency of the Evidence**

In his sole issue, appellant contends that the State failed to present sufficient evidence that he possessed more than one gram of PCP. Appellant does not challenge the fact that he possessed PCP; rather, he challenges solely the amount of PCP that he possessed.

6

## A. Standard of Review

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding that *Jackson* standard is only standard to use when determining sufficiency of evidence). The jurors are the exclusive judges of the facts and the weight to be given to the testimony. *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). The jury, as the sole judge of credibility, may accept one version of the facts and reject another, and it may reject any part of a witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *see also Henderson v. State*, 29 S.W.3d 616, 623 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (stating jury can choose to disbelieve witness even when witness's testimony is uncontradicted).

We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We afford almost complete deference to the jury's credibility determinations. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also Clayton v.*

*State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination."). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011) (quoting *Clayton*, 235 S.W.3d at 778). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

### B. Possession of At Least One Gram of PCP

To establish the offense of possession of PCP, the State had to prove that appellant knowingly or intentionally possessed between one and four grams, including adulterants or dilutants, of PCP. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Vernon 2010); *see also Hubert v. State*, 312 S.W.3d 687, 690 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (stating that prosecution must demonstrate that defendant (1) exercised care, custody, control, or management over contraband and (2) knew matter possessed was contraband).

An "adulterant or dilutant" is "any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." TEX. HEALTH & SAFETY CODE ANN. § 481.002(49) (Vernon

8

Supp. 2015); *see id.* § 481.002(5) (defining "controlled substance" as "a substance, including a drug, an adulterant, and a dilutant, listed in . . . Penalty Group 1 . . ." and stating that term "includes the aggregate weight of any mixture, solution, or other substance containing a controlled substance"). The State is not required to determine the amount of controlled substance and adulterant or dilutant that constitute the mixture. *Melton v. State*, 120 S.W.3d 339, 344 (Tex. Crim. App. 2003); *Graham v. State*, 201 S.W.3d 323, 328 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) ("[A]ny substance that is added to or mixed with a controlled substance, regardless of when, how, or why that substance was added, may be added to the aggregate weight of the controlled substance as an adulterant or dilutant.") (quoting *Seals v. State*, 187 S.W.3d 417, 420 (Tex. Crim. App. 2005)). Instead, the State only has to prove that the aggregate weight of the controlled substance mixture, including any adulterants and dilutants, equals the alleged minimum weight. *Melton*, 120 S.W.3d at 344; *Isassi v. State*, 91 S.W.3d 807, 810 (Tex. App.—El Paso 2002, pet. ref'd). Expert testimony by a police officer, based on visual observation and the officer's training and experience, that a substance is a controlled substance constitutes proper evidence. *See Melton*, 120 S.W.3d at 343 (citing *Henson v. State*, 915 S.W.2d 186, 192 (Tex. App.—Corpus Christi 1996, no pet.)).

Appellant does not contest that he knowingly or intentionally possessed PCP. Rather, he argues that the State failed to present evidence that he possessed at least

one gram of PCP because although both cigarettes confiscated from appellant were weighed by Kane, and thus both cigarettes were included in her determination that appellant possessed 1.93 grams of PCP, the State did not establish that both cigarettes contained PCP at the time of appellant's arrest. He instead argues that only one cigarette contained PCP at the time of his arrest, that the PCP in that cigarette "contaminated" the other, unadulterated cigarette because both cigarettes were stored in the same bag for several weeks in between the time of appellant's arrest and the time Kane tested and weighed the cigarettes, and that as a liquid, PCP has the potential to be absorbed into and contaminate anything that it touches.

The officers testified that at the time of his arrest, appellant was holding two cigarettes of the same brand and that appellant smelled strongly of PCP. Both officers identified the cigarettes as "PCP cigarettes." The cigarettes were admitted into evidence at trial, and both officers testified that the cigarettes appeared the same or substantially the same in court as they had at the time of arrest. Both cigarettes appeared discolored at the time of trial. *See Gabriel v. State*, 900 S.W.2d 721, 722 (Tex. Crim. App. 1995) (plurality op.) ("It was rational for the factfinder to conclude that identically packaged substances, which appear to be the same substance, are in fact the same substance."). The jury could reasonably infer from the evidence presented that both cigarettes had been dipped in PCP at the time of appellant's arrest and that, therefore, both cigarettes were properly included in Kane's analysis of the

aggregate weight of the PCP. *See Clayton*, 235 S.W.3d at 778 (stating that fact finder has duty to resolve conflicts in testimony, weigh evidence presented, and "draw reasonable inferences from basic facts to ultimate facts"); *see also Melton*, 120 S.W.3d at 344 (holding that State is not required to determine amount of controlled substance and amount of adulterant and dilutant but instead only has to prove that aggregate weight of controlled substance mixture, including adulterants and dilutants, equals alleged minimum weight). Kane testified that both cigarettes tested positive for PCP and that, combined, the cigarettes weighed 1.93 grams.

We conclude that, when viewing the evidence in the light most favorable to the verdict, the jury could have concluded, beyond a reasonable doubt, that appellant possessed at least one gram of PCP, including adulterants and dilutants. *See Melton*, 120 S.W.3d at 344; *Graham*, 201 S.W.3d at 329; *Isassi*, 91 S.W.3d at 810.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Jennings, Keyes, and Bland.

Jennings, J., concurring, joined by Keyes, J.

Publish. TEX. R. APP. P. 47.2(b).