Affirmed and Opinion filed January 18, 2005









Affirmed and Opinion filed January 18, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01175-CR

____________

 

ANDRE D. BELLER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 947,314

 



 

O P I N I O N

A jury convicted appellant of the felony
offense of possession with intent to deliver a controlled substance, cocaine,
weighing more than one gram and less than four grams.  The indictment included two enhancement
paragraphs that the jury found to be Atrue,@ and the jury
assessed punishment at confinement for 99 years in the Texas Department of
Criminal Justice, Institutional Division. 
Appellant asserts a single issue on appeal: whether the evidence is
legally sufficient to support his conviction for possession with intent to
deliver more than one gram of cocaine. 
We affirm.








Factual
Background

On April 30, 2003, around 2:30 p.m., Officer
Jason Dunn was conducting surveillance and watching for criminal activity in an
unmarked police car near downtown Houston when he observed a narcotics
transaction take place between appellant and another individual.   After the transaction was complete, Officer
Dunn observed appellant walk away from the individual and down the street where
appellant met up with a second individual. 
Officer Dunn radioed other officers in the area, informed them of the
transaction he had observed, and provided the officers with descriptions of
appellant and the other individuals involved. 
         Officers M. V. Richard and
J. E. Price, both in uniform and in marked patrol cars, were located nearby and
responded to Officer Dunn=s call. 
Officer Dunn observed Officers Richard and Price pull up in their patrol
cars to where appellant and the second individual were standing.  When Officer Price got out of his car,
appellant and the other individual ran in opposite directions.  Officer Dunn testified that Officer Richard
chased and captured the individual involved in the first narcotics transaction,
and Officer Price chased after appellant.

Officer Price testified that he received a
call over the radio from Officer Dunn describing a suspect, what he was
wearing, and his direction of travel. 
When Officer Price pulled up to where appellant and the second
individual were standing, they appeared to be exchanging something.  Officer Price got out of his patrol car, and
both appellant and the other individual took off running.  Officer Price chased after appellant, and
during the chase, appellant climbed over a fence.  Officer Richard was on the other side of the
fence where appellant was, and Officer Price then saw appellant dive underneath
a house situated on cement blocks in an attempt to get away.  Officer Richard grabbed and struggled with
appellant=s legs which were sticking out from
underneath the house and pulled appellant out. 
Officer Richard searched appellant and found a bag of marijuana in his
pocket.  Officer Richard crawled
underneath the house where appellant had been, and when Officer Richard
reappeared, he was holding several white chunky substances that appeared to be
crack cocaine.








Officer Richard testified that he
approached and detained the individual involved in the first narcotics
transaction with appellant, and after checking out the individual=s information on
the police computer, he drove to the location where Officer Price was last
known to be chasing appellant.  He saw
appellant hanging from a fence and fall to the other side, at which time
Officer Richard ran around the front of the house to the other side.  He observed appellant crawl underneath a
house situated on cement blocks and get stuck. 
Officer Richard grabbed and struggled with appellant=s legs, and he saw
appellant reach into his front pocket and throw several white Achunks@ on the ground in
front of him underneath the house. 
Officer Richard pulled appellant from underneath the house and arrested
him.  Officer Richard crawled underneath
the house to recover the loose rocks of cocaine.  He testified that eight rocks of cocaine were
recovered, and there was some dirt and mud on the rocks because it was muddy
underneath the house.

J. K. Carpenter, a drug chemist for the
Houston Police Department, testified that he conducted three tests on the white
rocks to determine whether the rocks were crack cocaine, and all three tests
confirmed the rocks were cocaine.  He
weighed the rocks without the bag they were in, and the weight of the rocks,
including any adulterants and dilutants, was approximately 1.7 grams.  He testified that the rocks were 72.2 percent
pure cocaine.  The eight rocks of cocaine
were admitted into evidence.  








Defense counsel asked Carpenter how much
the dirt and grass on the cocaine weighed, and Carpenter responded that he Apick[ed] as much
of the dirt and grass as [he] could off of it and just weighed the material
itself [and] [a]pproximately 1.7 grams remain[ed].@  When asked whether there is any dirt or grass
in the cocaine, Carpenter responded, AStill a tiny bit
left.@  As to whether he weighed the dirt, Carpenter
stated that he did not, and he testified that he considered the dirt to be a
dilutant.  Upon further
cross-examination, he testified that generally he tries Ato scrape off as
much of the stuff off of it as [he] can, the dirt that covers it. . . .  Because [he] want[s] the analysis to be [as]
pure as [he] can get it.@  He
testified that people do not cut cocaine with dirt, but he considered Athese small, tiny
trace microscopical [sic] amounts on there.@  He stated that he had seen cocaine cut with
sand.

Discussion

On appeal, appellant argues that A[b]ecause the
State could only give an >approximate= weight of the
aggregate substance and it improperly included an indeterminate amount of >dirt and mud= in the amount as
a >dilutant,= the jury could
only surmise whether the weight of the cocaine was over one gram.@  Appellant contends the State failed to meet
the high standard of proof beyond a reasonable doubt for the following two
reasons: (1) contrary to Carpenter=s testimony at
trial, the dirt and mud were not dilutants and should not have been included in
the aggregate weight to increase the level of the offense; and (2) the State
was only able to give an Aapproximate@ weight of the
rocks and failed to segregate the weight of the dirt and any other foreign
substances remaining on the eight rocks.

In a legal sufficiency review, we view all
of the evidence in the light most favorable to the verdict and then determine
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Here, the indictment charged that on or about
April 30, 2003, appellant Adid then and there
unlawfully, knowingly possess with intent to deliver a controlled substance,
namely, Cocaine, weighing more than 1 gram and less than 4 grams by aggregate
weight, including any adulterants and dilutants,@ and the jury
found appellant guilty of this second degree felony offense.  See Tex.
Health & Safety Code Ann. ' 481.112 (a), (c)
(Vernon 2003).  We review whether the
evidence is legally sufficient to prove the weight of the cocaine was more than
one gram.








To obtain a conviction for possession of a
controlled substance, the State must prove that a controlled substance, plus
adulterants and dilutants proved to exist within it, weighs at least as much as
the minimum weight alleged in the indictment. 
Hines v. State, 976 S.W.2d 912, 912 (Tex. App.CBeaumont 1998, no
pet.).  An adulterant or dilutant is
defined by the Texas Health and Safety Code as Aany material that
increases the bulk or quantity of a controlled substance, regardless of its
effect on the chemical activity of the controlled substance.@  Tex.
Health & Safety Code Ann. ' 481.002(49)
(Vernon Supp. 2004-2005).  The State is
not required to prove that any added adulterants or dilutants did not affect
the chemical activity of the controlled substance.  Essentially, the State only needs to
demonstrate that part of a substance is a controlled substance and that the
aggregate weight exceeds the minimum statutory amount.[1]  Melton v. State, 120 S.W.3d 339, 344
(Tex. Crim. App. 2003).  

The State=s drug chemist,
Carpenter, testified that the eight rocks of cocaine weighed 1.7 grams, of
which 72.2 percent was pure cocaine, and that the dirt on the rocks was Asmall, tiny trace
microscopical [sic] amounts.@  Carpenter also testified that he considered
the dirt on the rocks to be a dilutant. 
The specific facts and circumstances of this case lead to the conclusion
that the dirt on the rocks is not a Adilutant@ as that term is
defined by the Health and Safety Code. 
However, the eight rocks of cocaine were admitted into evidence, and the
jury saw the cocaine.  Pictures of the
cocaine also are included in the appellate record and reveal only tiny flecks
of dirt on the rocks of cocaine.  








The fact that the cocaine was not infused
with dirt but had only minute particles of dirt supports the jury=s conclusion that
the net weight of the eights rocks of cocaine exceeded one gram, and this
constitutes a rational inference from empirical data.  To reduce the weight of the cocaine to less
than one gram would have required the presence of at least .7 grams of dirt,
approximately forty percent of the gross weight of the entire cache of
narcotics.  Based on the jurors= own inspections
of the cocaine and Carpenter=s testimony, the
jury reasonably could have concluded that the aggregate weight of the rocks was
more than one gram.  See Melton,
120 S.W.3d at 343-44.  Accordingly, when
viewed in the light most favorable to the prosecution, a rational trier of fact
could have found beyond a reasonable doubt all of the elements of the offense
charged in the indictment including the element that appellant possessed
cocaine in an amount of less than four grams but more than one gram.  We overrule appellant=s sole issue.  

The judgment of the trial court is
affirmed.

 

/s/      John S. Anderson

Justice

 

 

 

Judgment
rendered and Opinion filed January 18, 2004.

Panel
consists of Justices Anderson, Fowler, and Frost.

Publish
C Tex. R. App. P. 47.2(b).











[1]  Appellant
cites the unpublished opinion Seals v. State, No. 05-03-01105-CR, 2004
WL 639678 (Tex. App.CDallas 2004, pet. granted) (not designated for
publication), in support of his contention that the State was required to
segregate and weigh the dirt on the rocks of cocaine.  Seals is distinguishable from the case
at bar and involved the issue of whether blood that becomes mixed with methamphetamine
when the methamphetamine is being injected is an adulterant or dilutant under
the Texas Health and Safety Code.  2004
WL 639678, at * 2.  The vial at issue in Seals
contained methamphetamine, blood, and nicotinamide (vitamin B) weighing 1.50
grams.  2004 WL 639678, at * 1.  The Dallas Court of Appeals held blood is not
a dilutant and reversed the judgment of conviction, reasoning that the jury
should not have considered the blood in determining the aggregate weight of the
controlled substance since the jury was provided (1) no other explanation for
the blood in the vial; (2) no weight of the substance in the vial minus the
blood, and (3) no evidence the blood was mixed with the methamphetamine as the
result of anything other than appellant=s
explanation, which was that when he tried to inject himself and was
unsuccessful, blood would enter the syringe, and he would squirt what could not
be used into the vial.  Id.  Unlike Seals, in this case, the jury
reasonably could have concluded that the aggregate weight of the rocks was more
than one gram based on the jurors= own
inspections of the cocaine and Carpenter=s
testimony.