Affirmed and Memorandum Opinion filed July 7, 2005









Affirmed and Memorandum Opinion filed July 7, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00338-CR

____________

 

DEMETRI L. MELTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 972,981

 



 

M E M O R A N D U M  O P I N I O N

A jury found appellant guilty of
possession of a controlled substance, cocaine, weighing less than one gram,
including any adulterants and dilutants. 
Finding the allegations in two enhancement paragraphs to be Atrue,@ the jury assessed
punishment at confinement for 16 years in the Texas Department of Criminal
Justice, Institutional Division.  In two
points of error, appellant argues counsel was ineffective and the evidence is
legally insufficient.  We affirm.

 








Ineffective Assistance

In his first point of error, appellant
argues counsel was ineffective in failing to exclude inadmissible testimony
identifying the alleged substance in appellant=s possession as
cocaine.  Specifically, appellant argues
counsel was ineffective in failing to (1) timely object to alleged hearsay
testimony regarding lab results showing the substance in appellant=s possession
tested positive for cocaine; and (2) object to testimony concerning a field
test identifying the substance in appellant=s possession as
cocaine.  Appellant asserts he was
prejudiced because the only evidence at trial establishing the identity of the
substance in his possession as cocaine came from this alleged inadmissible
testimony.  

The standard of review for evaluating
claims of ineffective assistance of counsel is set forth in Strickland v.
Washington, 466 U.S. 668, 687 (1984). 
See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)
(citing Strickland).  Under Strickland,
appellant must prove (1) trial counsel=s  performance was deficient, and (2) the
deficient performance was so serious that it prejudiced his defense.  466 U.S. at 687; Bone, 77 S.W.3d at
833.  To establish both of these prongs,
appellant must prove by a preponderance of the evidence that counsel=s representation
fell below the objective standard of prevailing professional norms, and there
is a reasonable probability that, but for counsel=s deficiency, the
result of the proceeding would have been different.  Bone, 77 S.W.3d at 833.  Appellant must identify specific acts or
omissions of counsel that constitute the alleged ineffective assistance and
affirmatively prove that counsel=s acts or
omissions fell below the professional norm for reasonableness.  McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996), overruled on other grounds, Mosley v.
State, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998).  The alleged ineffectiveness must be firmly
founded in the record.  Bone, 77
S.W.3d at 835.  If appellant fails to
satisfy either prong of the Strickland test, we do not need to consider
the remaining prong.  Strickland,
466 U.S. at 697. 








Judicial scrutiny of counsel=s performance must
be highly deferential, and we indulge a strong presumption that counsel was
effective.  Id. at 689; Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  We presume counsel=s actions were
reasonably professional and motivated by sound trial strategy.  Strickland, 466 U.S. at 689 (AA fair assessment
of attorney performance requires every effort be made to eliminate the
distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged
conduct, and to evaluate the conduct from counsel=s perspective at
the time.@). 
Appellant must overcome this presumption by illustrating why trial counsel
did what he did.  Belcher v. State,
93 S.W.3d 593, 595 (Tex. App.CHouston [14th
Dist.] 2002, pet. dism=d). When evaluating an allegation of
ineffective assistance, the appellate court looks to the totality of the
representation and the particular circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).

A reviewing court should not second guess
trial counsel=s strategy in hindsight; thus, an
affidavit supporting a motion for new trial can be critical to the success of a
claim for ineffective assistance.   See Strickland, 466 U.S. at 689; Storr
v. State, 126 S.W.3d 647, 651 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d). 
In the absence of a record explaining trial counsel=s actions, a
reviewing court most likely cannot conclude trial counsel=s performance fell
below an objective standard of reasonableness unless the conduct was so
outrageous that no competent attorney would have engaged in it.  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).  When confronted
with a silent record, an appellate court is not required to speculate on the
reasons behind trial counsel=s actions.  Jackson, 877 S.W.2d at 771. 








Here, appellant did not file a motion for
new trial raising ineffective assistance that would have allowed counsel to
explain any trial strategy upon which his decisions may have been based.  Thus, there is no record to show trial
counsel=s reasons for
acting or failing to act in the manner challenged by appellant.  On the record before this court, we must
assume trial counsel had a plausible reason for his actions.  See Safari v. State, 961 S.W.2d 437,
445 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d).  To find trial counsel was ineffective based
on any of the asserted grounds would call for speculation, which we will not
do.  See id.  Under these circumstances, we cannot conclude
counsel=s performance was
deficient.  See Jackson, 877
S.W.2d at 771B72; see also Thompson, 9 S.W.3d at
814 (holding when record provides no explanation as to the motivation behind
trial counsel=s actions, an appellate court should be
hesitant to declare ineffective assistance of counsel).  Moreover, considering the totality of the
representation, we find appellant=s counsel=s representation
was not deficient and did not fall below an objective standard of
reasonableness, and appellant has failed to meet his burden to prove that any
deficient performance prejudiced his defense. 

We overrule appellant=s first point of error.

Legal Sufficiency

In his second point of error, appellant
claims the evidence presented was legally insufficient because the State failed
to establish the element of Aincluding any
adulterants and dilutants@ as alleged in the indictment.  The indictment in this case alleged that Aon or about
January 4, 2004,@ appellant Adid then and there
unlawfully, intentionally, and knowingly possess a controlled substance,
namely, COCAINE, weighing less than 1 gram by aggregate weight, including any
adulterants and dilutants.@  See Tex.
Health & Safety Code Ann. ' 481.115 (a), (b)
(Vernon 2003).[1]  The jury found appellant guilty of this
offense.  Appellant concedes there was
testimony that the cocaine appellant possessed weighed less than one gram, but
he complains there was no specific testimony about the weight of the cocaine, including
adulterants and dilutants. 
Appellant argues the State=s accusation
remains unproven without proof that the weight of the cocaine including any
adulterants and dilutants was less than one gram.  








In a legal sufficiency review, we view all
of the evidence in the light most favorable to the verdict and then determine
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 319 (1979).  To obtain a conviction for possession of a
controlled substance, the State must prove that a controlled substance, plus
adulterants and dilutants[2]
proved to exist within it, weighs at least as much as the minimum weight
alleged in the indictment.  Hines v.
State, 976 S.W.2d 912, 912 (Tex. App.CBeaumont 1998, no
pet.).  The State has to prove only that
part of a substance is a controlled substance and that the aggregate
weight of the controlled substance, including adulterants and dilutants, equals
the alleged minimum weight.  Melton v.
State, 120 S.W.3d 339, 344 (Tex. Crim. App. 2003). 

At trial, State=s Exhibit No. 1, a
baggie containing white residue that was recovered from appellant=s jacket, was
admitted into evidence.  Carolyn Gamble,
a supervisor and drug analyst at the Houston Police Department Crime Lab,
testified the residue tested positive for cocaine and that the amount was less
than one gram.  Gamble also explained to
the jury what adulterants and dilutants are. 
Gamble testified as follows:

Q.      Could you tell the jury what [the crime
lab technician=s] analysis of the substance
contained in State=s Exhibit No. 1 was?

A.      Positive cocaine.

Q.      Is cocaine a controlled substance, Ms.
Gamble?

A.      Yes, it is.

Q.      And was the amount contained in State=s Exhibit No. 1 less than 1 gram?

A.      Yes, it is.

Q.      Generally we talk about things like
adulterants and dilutants, those kinds of things when we talk about
cocaine.  Are you familiar with those
terms?








A.      Yes.

Q.      What are adulterants and dilutants?

A.      Adulterants
are a compound that is added to the controlled substance to enhance the
effect.  And a dilutant is a compound
that is added to the controlled substance for bulk, quantity.

Gamble=s testimony that
the amount of cocaine was less than one gram is legally sufficient to support
the jury=s finding that
appellant possessed the minimum statutory amount of cocaine alleged in this
case.  The jury was able to view the
baggie of cocaine admitted into evidence and could infer from Gamble=s testimony that
the aggregate weight of the cocaine in the bag recovered from appellant,
including adulterants and dilutants, if any, weighed less than one gram.  Appellant=s assertion that
the evidence is legally insufficient due to the absence of testimony
specifically stating the weight of the cocaine was less than one gram including
adulterants and dilutants is without merit. 
When viewing all of the evidence in the light most favorable to the
verdict, a rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.

We overrule appellant=s second point of
error.

Conclusion

The judgment of the trial court is
affirmed.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed July 7, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Section  481.115 provides:

(a)        Except as authorized by this chapter, a person commits an
offense if the person knowingly or intentionally possesses a controlled
substance . . . .

(b)        An offense under Subsection (a) is a state jail felony if the
amount of the controlled substance possessed is, by aggregate weight, including
adulterants or dilutants, less than one gram.

Tex. Health & Safety Code
Ann. ' 481.115
(a),(b) (emphasis added).





[2]  An adulterant
or dilutant is defined by the Texas Health and Safety Code as Aany material that increases the bulk or quantity of a
controlled substance, regardless of its effect on the chemical activity of the
controlled substance.@  Tex. Health & Safety Code Ann. ' 481.002(49) (Vernon Supp. 2005).