## C. E. Uselton v. The State.

No. 9155.   Delivered May 27, 1925.

1.—Receiving and Concealing—Continuance—Properly Refused.

Where an application for a continuance on account of the absence of a witness is refused, and on the trial such witness appears and testifies, no error is shown.

2.—Same—Charge of Court—Circumstantial Evidence—Held Correct.

Where the court charges on circumstantial evidence in conformity with approved precedents, no error in such charge is discovered.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. Chas. A. Pippin, Judge.

Appeal from a conviction of receiving and concealing stolen property; penalty, two years in the penitentiary.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Conviction in Criminal District Court No. 2 of Dallas County of receiving and concealing stolen property; punishment, two years in penitentiary.

There are two bills of exception, one complaining of the overruling of an application for continuance. The alleged absent witnesses appeared and testified upon the trial. The other complaint is directed at the charge of the court on circumstantial evidence. Said charge appears to be in conformity with approved precedents, contains the test of exclusion, and tells the jury that the circumstances taken together must be of a conclusive nature, leading on the whole to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the accused and no other committed the offense.

Appellant was found in possession of a recently stolen automobile which he claimed to have purchased from one Williams. Williams took the stand and testified that the car he sold appellant was a different car and that he did not sell him the one in question. A reconciliation of the conflicts in the testimony is for the jury. They have resolved them in this case against appellant.

The judgment will be affirmed.

*Affirmed.*