**Johnny Ray GREENWOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–00886–CR.**

Court of Appeals of Texas, Dallas.

Nov. 2, 1987.

S. Michael McCollock, Dallas, for appellant.

Sue Korioth, Dallas, for appellee.

Before WHITHAM, THOMAS and McCRAW, JJ.

THOMAS, Justice.

Johnny Ray Greenwood stands convicted of misdemeanor theft. The jury assessed punishment at 150 days' confinement in the Dallas County jail and a fine of $75.00. In his sole point of error, appellant contends that the trial court erred in failing to grant a mistrial when the State commented on his failure to testify. For the reasons stated below, we affirm the judgment of the trial court.

While the sufficiency of the evidence is not challenged, a recitation of the facts is necessary in order to adequately understand the nature of the alleged error. The complainant, Linda Tucker, while at work, observed appellant at a water fountain directly outside her office. After asking appellant if she could help him, she went to an adjacent office area for two or three minutes. As Tucker was returning, she observed appellant walking out of her office with what appeared to be her wallet in his hand. Tucker immediately discovered that her purse had been opened and the wallet removed. She shouted for help and a chase ensued down the hallway and out the door. Other people in the building also pursued appellant out the door and across a parking lot. Once outside, Tucker observed two police officers parked beside the building, and she hurriedly explained that her wallet had been stolen and pointed toward appellant. The police officers observed appellant and a group of people running across the lot, and they joined in the pursuit. About this same time, another police officer in the vicinity observed appellant, with a wallet in his hand, cross the street in front of him. One of the individuals involved in the chase informed this officer that appellant had just stolen a wallet.

This officer too joined in the chase which extended over a four to five block area. When appellant was finally apprehended, he did not have the wallet in his possession. The wallet however was recovered in the vicinity of the chase by another officer.

All of the police officers at one time or another momentarily lost sight of appellant as he would go behind buildings or over a fence. Fred Carter was the one witness who maintained that he never lost sight of appellant throughout the entire episode. Carter was in the office building at the time of the incident and first saw appellant shortly before the wallet was taken. Upon hearing Tucker's call for help, he participated in the chase. Carter acknowledged, however, that he did not observe the wallet being dropped.

Carter, Tucker, and all other witnesses identified appellant in open court as the man being chased from the office building. All of the police officers testified that the man they arrested four blocks away was in fact the man originally being chased in the office parking lot.

The defense attorney through vigorous cross-examination attempted to demonstrate that, while appellant was the person arrested, he was not the person at the office building and that everyone started chasing the wrong man. It was strongly argued that this was a case of misidentification, since no one saw appellant drop the wallet, and he had not run in the direct path where the wallet was ultimately found.

In response to defense counsel's arguments at the guilt/innocence phase of the trial, the prosecutor argued:

.... And did you ever hear the policeman say that once they finally caught this guy, did he ever offer any explanation—

MR. JOHNSON: Your honor, I object. That is a comment on the failure of the defendant to testify.

MR. BLACKMON: That was out at the scene.

THE COURT: Sustained.

MR. JOHNSON: I move that the jury be instructed to disregard the comment.

THE COURT: I withdraw it from the jury's consideration.

MR. JOHNSON: I move for a mistrial.

THE COURT: Overruled.

■ Appellant contends that the argument by the prosecutor in this situation was a comment on his failure to testify as well as a violation of his right against self-incrimination and the right to remain silent. The threshold question for this Court is whether the State's remark was in fact a comment on appellant's failure to testify. We hold that it was not.

■ Looking at the comment in the context of the entire argument, it is clear that the State's closing argument referred to appellant's silence *at the time of arrest* and not his silence *at trial. See Short v. State*, 671 S.W.2d 888, 890 (Tex.Crim.App. 1984); *Durant v. State*, 688 S.W.2d 265, 266 (Tex.App.—Fort Worth 1985, pet. ref'd). The State's remark drew the jury's attention to the appellant's conduct at the moment the police caught him after the chase and not his conduct in the courtroom. The State is generally entitled to show facts and circumstances surrounding the alleged offense and the subsequent arrest. *Jones v. State*, 471 S.W.2d 413, 414 (Tex. Crim.App.1971); *Martin v. State*, 654 S.W. 2d 855, 858 (Tex.App.—Dallas 1983, no pet.).

In order for the argument of the State to be a violation of article 38.08 of the Code of Criminal Procedure and the state and federal constitutions, the language used must be looked at from the jury's standpoint. There must be a clear implication that the argument refers to the accused's failure to testify. "It is not sufficient that the language might be construed as an implied or indirect allusion thereto." *Jones v. State*, 693 S.W.2d 406, 407 (Tex.Crim.App.1985). The test is "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify." *Jones v. State*, 693 S.W.2d at 407. Utilizing this test, the State's remark clearly did not refer to appellant's failure to testify.

■ Appellant further argues on appeal that this comment[1] by the State was in violation of his right against self-incrimination under the federal and state constitutions by using his silence against him. Before addressing appellant's post-arrest silence argument, we must determine whether the objection at trial was sufficient to preserve this error. It is appellant's position that the trial objection[2] was sufficient to preserve error because the underlying protections and principles are the same whether you are speaking of failure to testify or the right of silence at the time of arrest. Appellant argues that, because the nature of these constitutional protections is identical, the reason for the objection is not important. We cannot agree.

■ A ground of error presented on appeal must comport with the objection raised at trial. Otherwise, nothing is presented for review. *Crocker v. State,* 573 S.W.2d 190, 205 (Tex.Crim.App.1978). *See Vargas v. State,* 697 S.W.2d 496, 498 (Tex.Civ.App.—Corpus Christi 1985, no pet.), *citing Beck v. State,* 682 S.W.2d 550, 553 (Tex.Crim.App.1985). Any impropriety in the prosecutor's argument to the jury is waived by a defendant's failure to make a proper, clear, and timely objection. *Euziere v. State,* 648 S.W.2d 700, 703–704 (Tex. Crim.App.1983). It is incumbent upon counsel to voice a timely and specific objection. *Turner v. State,* 719 S.W.2d 190, 193–94 (Tex.Crim.App.1986); *Cisneros v. State,* 692 S.W.2d 78, 83 (Tex.Crim.App. 1985).

We acknowledge that the rule against commenting on a defendant's failure to testify and a defendant's right of silence at the time of arrest are both protections of the self-incrimination clause of the fifth amendment. *See Griffin v. California,* 380 U.S. 609, 612, 85 S.Ct. 1229, 1232, 14 L.Ed.2d 106 (1965) (failure to testify); *Skirlock v. State,* 100 Tex.Crim. 368, 272 S.W. 782, 783 (1925) (post-arrest silence). However, the constitutional protections apply in different contexts. To follow appellant's

theory would require the trial judge to anticipate under what circumstances the objection might be valid. We decline to put such a requirement upon the trial judges. It is incumbent that the trial judge be able to understand the precise issue in order to make an intelligent ruling.

■ Assuming, *arguendo*, that the error was properly preserved, we will examine whether the statement by the prosecutor constituted reversible error. *See Johnson v. State,* 651 S.W.2d 434, 437 (Tex.App.—Dallas 1983, no writ), *citing Duffy v. State,* 567 S.W.2d 197 (Tex.Crim.App.) (en banc), *cert. denied,* 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978).

We hold that the State's remark was not reversible error. First, we note that the trial court sustained appellant's objection and withdrew it from the jury's consideration. Generally, any harm from an improper statement in a jury argument is remedied with instructions to disregard, unless the remark is so inflamatory that the prejudicial effect cannot be removed by an admonishment. *Johnson v. State,* 698 S.W. 2d 154, 167 (Tex.Crim.App.1985), *cert. denied,* —— U.S. ——, 107 S.Ct. 239, 93 L.Ed. 2d 164 (1986).

A further basis for holding that this argument is harmless comes from the fact that practically the same argument, without objection, was made by the prosecutor and was before the jury. Prior to the complained of argument, the State had argued:

> Did you ever hear an explanation of why this man is running from the police, why he is climbing all these fences, why he runs into this alley, why he has to be forcibly arrested?

There is no reversible error where the same evidence or argument is presented elsewhere during trial without objection. *See Thompson v. State,* 537 S.W.2d 732, 735 (Tex.Crim.App.1976).

Thus, even if appellant's error had properly been preserved for appeal, any error

---

1. "And did you ever hear the policeman say that once they finally caught this guy, did he ever offer any explanation—"

2. "Your honor, I object. That is a comment on the failure of the defendant to testify."

would have been rendered harmless. For all of the foregoing reasons, the trial court's judgment is affirmed.