COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DONALD JOE GRAVES, | § | No. 08-07-00184-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Criminal Court No. 3 |
| THE STATE OF TEXAS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC#1015404) |
| | § | |

**O P I N I O N**

This is an appeal from a jury conviction for the offense of driving while intoxicated. The court assessed punishment at two years' community supervision, and a fine of $700. We affirm.

## I. SUMMARY OF THE EVIDENCE

John Harrington testified that on February 26, 2005, he was driving east on Highway 121 in Tarrant County, Texas when Appellant's truck bumped the rear of his truck twice. Harrington testified that he then followed Appellant and he saw Appellant go through a red light and stop in the intersection. When the light turned green, Appellant turned into a gas station, stopped in the parking lot, exited his truck, and walked behind the building. Harrington thought Appellant was intoxicated and he called 911.

After a while, Appellant approached Harrington's truck. Harrington observed that Appellant was not acting normally, so he stayed in his truck, and did not roll down his window. Harrington noticed Appellant look at the back of Harrington's truck, and then return to his own truck.

Officer Olimpo Hernandez of the City of Fort Worth Police Department testified that on the same day he was dispatched to investigate an accident at the gas station at Beach Street and Airport

Freeway. Officer Hernandez met with Appellant and observed that Appellant had a strong odor of alcohol about him; his speech was slurred and difficult to understand; and his eyes were bloodshot and watery. Appellant stated that he had consumed several beers, and was taking either pain medication or muscle relaxant medicine. He was unable to readily follow the officer's instructions. Officer Hernandez tried to administer the horizontal gaze nystagmus test to Appellant, but during the course of the test, Appellant fell over backward into the gas pumps. Officer Hernandez feared that Appellant would cause himself injury, so he discontinued any further sobriety testing. He arrested Appellant. When Appellant's truck was inventoried, three empty beer cans, and four unopened cans of beer were found. All were cool to the touch.

Appellant was transported to the jail by Officer Brendan Bagnell and taken to the intoxilyzer room. Officer Bagnell observed a strong odor of an alcoholic beverage coming from Appellant and that Appellant had slurred speech, unsteady balance, and had difficulty following directions. Appellant refused to take a breath test and repeatedly asked for an attorney in response to requests to submit to a breath test. Appellant was asked to count backwards from eighty-nine to sixty, and he responded, "eighty-nine, sixty percent." When Appellant was read his *Miranda* warnings, he invoked his right to remain silent until his attorney was present.

## II. DISCUSSION

In Issues One and Two, Appellant contends that the court erred in overruling his objection to the DWI videotape because he had invoked his right to counsel and his right to remain silent. The videotape had both audio and video footage from the scene at the gas station and from the intoxilyzer room at the police station. At the conclusion of voir dire, Appellant objected to the entire audio portion of the videotape, stating:

> But also, Your Honor, at the time of the offering of the audio tape, I'm going

to object – I mean of the DWI tape, Your Honor, I'm going to object to the audio portions. We believe, Your Honor, that those are not admissible, Your Honor. He invoked his rights and, therefore, it shouldn't be submitted before the Court – I mean before the jury.

The court overruled the objection. When the portion of the tape depicting the events at the gas station was offered into evidence, Appellant made the following objection:

We have the same objections, Your Honor, we made previously to the video, and we also add that there's been an improper predicate not showing who operated the camera or how the camera was operated or if it was operated properly at the time, and we object for all those reasons, Your Honor.

The court overruled the objection and the tape was admitted into evidence. The audio and video portions of the tape showing the events at the gas station were played for the jury.

Later in the trial, during the testimony of Officer Bagnell, the State requested permission to publish the rest of the tape showing Appellant's actions in the intoxilyzer room at the jail. At that time, the following exchange occurred:

STATE:      Your Honor, permission to publish the remaining portion of the videotape.

COURT:      Go ahead.

DEFENSE:    We renew the objection, Your Honor, specifically regarding the invocation of rights.

COURT:      That's all part of the State's Exhibit No. 2, is it not?

DEFENSE:    No.

STATE:      I'm sorry, Your Honor?

COURT:      Is this still part of State's Exhibit No.2?

STATE:      This [is] all part of the same original video, your Honor, yes, sir. It's broken up. Part of it is the stop video, and the remaining part is what's related to Officer Bagnell in the intoxilyzer room.

COURT:      The whole exhibit was admitted into evidence earlier?

DEFENSE:   Evidence, yes.

.   .   .

COURT:   Well, I thought I heard a different objection is the reason I'm asking.

DEFENSE:   No, I made the same objection then, Your Honor, about the invocation of rights and the Court overruled.

COURT:   Well, I'll overrule you again.

DEFENSE:   Note our exception.

The portion of the videotape showing the events in the intoxilyzer room at the jail was then published to the jury.

During the playing of the tape, the following exchange took place:

COURT:   Do you have an objection you want to –

DEFENSE:   We have the same objection, Your Honor, as to invocation of his rights again.

COURT:   Overruled.

State's counsel then asked Officer Bagnell:

STATE:   Just to be clear, Officer, there he's asking for an attorney.  Does an individual that, as I sit –

DEFENSE:   Objection, Your Honor.  We're either play the tape or question the witness.

COURT:   Overruled.

STATE:   Does an individual, at this stage of the investigation – do they have the right to speak to an attorney or consult with an attorney?

WITNESS:   Not at that point, no, sir.

DEFENSE:   Again, Your Honor, this is a violation of Miranda v. Arizona and Edmunds v. Arizona.  He's asked for counsel.  They're asking him without proper warnings, Your Honor, to give evidentiary matters in violation of the United States Constitution, and we object very

strongly at this point.

COURT:    Overrule the objection.

The remainder of the videotape was then published to the jury.

Initially, we must discuss Appellee's contention that Appellant has waived these two issues on appeal. In order to preserve a complaint for appellate review, one must raise a timely request, objection, or motion that states specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. *See* TEX.R.APP.P. 33.1(a)(1). The objecting party must make the trial court aware of the specific item being objected to as well as the specific legal ground for the objection. A general or imprecise objection may be sufficient to preserve error for appeal, but only if the legal basis for the objection is obvious to the court and to opposing counsel. *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex.Crim.App. 2006). When the grounds are not specific and the legal basis is not obvious, the issue is not preserved. *Id.*; *Aldrich v. State*, 104 S.W.3d 890, 894 (Tex.Crim.App. 2003). An objection is sufficient in preserving error for appellate review if it communicates to the trial court what the objecting party wants, why the objecting party himself is entitled to relief, and it does so in a manner clear enough for the court to understand the complaint at a time when the court is in a position to do something about the purported error. *See Lankston v. State,* 827 S.W.2d 907, 908-09 (Tex.Crim.App. 1992). The complaint raised on appeal must comport with the objection made at trial. *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App. 1990).

When evidence contains both admissible and inadmissible material, the objection must specifically refer to the material deemed objectionable. *See Jones v. State,* 843 S.W.2d 487, 492 (Tex.Crim.App. 1992), *reversed on other grounds, Maxwell v. State,* 48 S.W.3d 196, 198 (Tex.Crim.App. 2001); *Ross v. State,* 154 S.W.3d 804, 812-13 (Tex.App.–Houston [14th Dist.]

2004, pet. ref'd).

Here, the State cites *Griffith v. State,* 55 S.W.3d 598, 602-08 (Tex.Crim.App. 2001) for the proposition that the portion of the videotape that shows Appellant's requests for a lawyer when he was being asked to submit to the intoxilyzer test was admissible, as he had no right to a lawyer at that time. However, the State concedes that the portion of the videotape that shows Appellant was read his *Miranda* rights, and he refuses to answer questions until he can consult with a lawyer, was inadmissible. *See Hardie v. State,* 807 S.W.2d 319, 322 (Tex.Crim.App. 1991). The State contends, however, that it was incumbent upon Appellant to point out the specific portion of the videotape that was inadmissible and it was inadequate to merely state that Appellant had invoked his rights as an objection to the entire videotape. We agree. The objection was not specific enough to apprise the court of the inadmissible portions of the tape. *See Ross,* 154 S.W.3d at 812-13.

However, even if Appellant had preserved error, and we assume error, we find that no harm occurred. Having assumed a constitutional violation, such an error requires reversal "unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX.R.APP. P. 44.2(a). In making this determination, we do not focus on the propriety of the trial's outcome but on calculating, as nearly as possible, the probable impact of the error on the jury in light of the other evidence. *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex.Crim.App. 2000). In other words, the question is not whether the legally-admitted evidence is sufficient to support the conviction. *McCarthy v. State*, 65 S.W.3d 47, 55 (Tex.Crim.App. 2001). Instead, the question is whether the complained-of evidence contributed to the jury's verdict, regardless of the sufficiency of the evidence, independent of the complained-of evidence, to sustain the conviction. *Id*. Put another way, the question is whether a reasonable probability exists that the error moved the jury from a state of nonpersuasion to one of persuasion as to the issue in question. *Wesbrook*, 29

S.W.3d at 119.

In this case, we find the error harmless beyond a reasonable doubt. First of all, and in spite of the absence of breath-alcohol or blood-alcohol evidence due to Appellant's refusal to provide them, there was ample evidence of intoxication. Appellant struck another vehicle twice on the freeway. He then stopped partially in an intersection. He smelled of alcohol and admitted drinking alcohol and taking pain killers or muscle relaxers. His eyes were bloodshot and watery, his speech was slurred, and he had three empty beer cans which were cool to the touch, and four full cans of beer in his car. He fell backwards during the sobriety testing, and he had difficulty following directions both at the scene and in the intoxilyzer room. During his opening statement, Appellant's counsel stated that Appellant was in some level of incapacity at the scene. We are not convinced that the inadmissible portion of the videotape moved the jury from a state of nonpersuasion to persuasion on whether Appellant was intoxicated. Issues One and Two are overruled.

In Issue Three, Appellant asserts that the court erred in denying his motion for mistrial after the State commented upon his silence. At trial, during the direct-examination of Officer Bagnell, the following exchange occurred:

STATE: At any point in time did he say anything to you – did he ever say anything to you at all?

WITNESS: Not that I recall.

DEFENSE: Objection, Your Honor, under 38.08 of the Code of Criminal Procedure that's clearly an improper question.

STATE: Your Honor, the police officer said there was nothing else said.

COURT: Sustain the objection.

DEFENSE: Ask for an instruction the jury disregard that, your Honor.

COURT: Jury will disregard the last statement of the prosecutor.

DEFENSE:    We move for mistrial, Your Honor.

COURT:    Denied.

The State maintains that Appellant has failed to preserve this issue for review. We agree. Reviewing the statement of the witness from the jury's standpoint, it is clear that the comment on Appellant's silence was a comment about the investigative stage of the encounter, prior to the time of his arrest, and not about his failure to testify at trial. *See Short v. State*, 671 S.W.2d 888, 890-91 (Tex.Crim.App. 1984); *Cuddy v. State*, 107 S.W.3d 92, 96 (Tex.App.–Texarkana 2003, no pet.); *Greenwood v. State*, 740 S.W.2d 857, 859 (Tex.App.–Dallas 1987, no pet.); *Durant v. State*, 688 S.W.2d 265, 266 (Tex.App.–Fort Worth 1985, pet. ref'd). While the right to remain silent after arrest and the right not to self-incriminate at trial are derived from the same constitutional provisions, the protections apply in different contexts, and an objection to one does not preserve error on appeal for the other. *Greenwood*, 740 S.W.2d at 860.

Furthermore, even if Appellant had preserved error, we find that the instruction to disregard cured any error that may have occurred. Such an instruction is presumed to be effective and to cure error unless the facts of the case suggest the impossibility of withdrawing the impression produced on the minds of the jury. *See Waldo v. State,* 746 S.W.2d 750, 754 (Tex.Crim.App. 1988). Here, the prosecutor did not dwell on the matter, no mention of post-arrest silence was made in argument, and the evidence presented against the Appellant was overwhelming. We find the court's instruction to the jury cured any error that may have occurred. *See id.* Issue Three is overruled.

### III.  CONCLUSION

We affirm the judgment of the trial court.

GUADALUPE RIVERA, Justice

July 31, 2009

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)